**UNITED STATES of America,**

v.

**Ronell WILSON, Defendant.**

**No. 04–CR–1016 (NGG).**

United States District Court,
E.D. New York.

Jan. 29, 2007.

Ephraim Savitt, Mitchell J. Dinnerstein, New York City, Kelley J. Sharkey, Attorney at Law, Brooklyn, NY, for Defendant.

Colleen Elizabeth Kavanagh, Jack Smith, Morris J. Fodeman, U.S. Attorney's Office, Eastern District of New York, Brooklyn, NY, for United States of America.

### FINAL CHARGE IN PENALTY PHASE

GARAUFIS, District Judge.

**1. Introduction**

Members of the jury, now that the evidence in the penalty phase of this case has been presented and the attorneys for the Government and Mr. Wilson have concluded their closing arguments, it is my responsibility to instruct you as to the law that governs this phase.

Regardless of any opinion you may have as to what the law may be or should be, it would be a violation of your oaths as jurors to base your sentencing decision upon any

view of the law other than that given to you in these instructions.

Some of the legal principles that you must apply in this phase duplicate those you followed in reaching your verdict as to the guilt of this Defendant. Others are different. The instructions I am giving you now are a complete set of instructions about the law applicable to the penalty phase. I have prepared them to ensure that you clearly understand your duties during this extremely serious phase of the case. I have also prepared a Special Verdict Form that you must complete. The Special Verdict Form details special findings you must make in this case. It will help you perform your duties properly.

## 2. Burden of Proof

As I have already instructed you, the Government must meet its burden of proving preliminary intent factors, statutory aggravating factors, and non-statutory aggravating factors beyond a reasonable doubt. A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence received in this trial. Proof beyond a reasonable doubt, therefore, must be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it. However, proof beyond a reasonable doubt does not mean proof beyond all possible doubt.

The Defendant does not have the burden of disproving the existence of any of the factors that the Government must prove beyond a reasonable doubt. The burden of proof regarding those factors is wholly upon the Government; the law does not require the Defendant to produce any evidence about those factors at all. In addition, the Defendant is not required to assert or prove any mitigating factors.

However, because mitigating factors have been asserted, I instruct you that it is the Defendant's burden to prove mitigating factors by a preponderance of the evidence. "A preponderance of the evidence" is a lesser standard of proof than "beyond a reasonable doubt." To prove a factor by a preponderance of the evidence means to prove that it is more likely true than not true. It is determined by considering all of the evidence and deciding which of the evidence is more believable. If the evidence relevant to any mitigating factor at issue in this case is equally balanced, you cannot find that the factor has been proven.

The existence of an aggravating or mitigating factor is not necessarily determined by the sheer number of witnesses or exhibits presented by the Government and the Defendant. Rather, it is the quality and persuasiveness of the evidence that controls.

## 3. Evidence

In making all the determinations you are required to make in the penalty phase of this case, you may consider any evidence that was presented during the trial phase of this case as well as evidence that was presented during the penalty phase.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it. In deciding whether to believe a witness's testimony, you should consider, among other things, the witness's intelligence, the opportunity the witness had to see or hear the things testified about, the witness's memory, any motives the witness may have for testifying a certain way, the manner of the witness while testifying, whether the witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which

the testimony is consistent with other evidence that you believe.

I cannot stress to you enough the importance of giving your careful and thorough consideration to all the evidence you have seen and heard.

### 4. The Deliberative Process

Let me now discuss with you the deliberative steps you should follow in considering, as to each capital offense, the very serious issue before you. I will first list and briefly describe each of these deliberative steps. I will then elaborate upon each of them.

First, you must consider whether the Government has proven, beyond a reasonable doubt and to your unanimous agreement, that the Defendant was at least eighteen years old at the time he committed the capital offenses of which you have found him guilty.

Second, you must consider whether the Government has proven, beyond a reasonable doubt and to your unanimous agreement, one or more of the "preliminary intent factors" established by Congress as to the capital offenses of which you have found the Defendant guilty.

Third, you must consider whether the Government has proven, beyond a reasonable doubt and to your unanimous agreement, one or more "statutory aggravating factors" as to the capital offenses of which you have found the Defendant guilty.

Fourth, you must consider whether the Government has proven, beyond a reasonable doubt and to your unanimous agreement, any "non-statutory aggravating factors" as to the capital offenses of which you have found the Defendant guilty.

Fifth, you must consider whether any of you finds that the Defendant has proven, by a preponderance of the evidence, any mitigating factors as to the capital offenses of which you have found the Defendant guilty.

Sixth, each of you must, with respect to each capital offense of which you have found the Defendant guilty, weigh the aggravating factors you have all found to exist against the mitigating factors you have individually found to exist. If you have found that any mitigating factors exist, then you must decide, with regard to each capital offense, whether all the aggravating factor or factors which you have all found to exist sufficiently outweigh the mitigating factors you have individually found to exist to justify a sentence of death. If you have not found that any mitigating factors exist, then you must decide, with regard to each capital offense, whether the aggravating factor or factors you have all found to exist are sufficient to justify a sentence of death.

### 5. Age of the Defendant

Title 18, United States Code, Section 3591, provides that "no person may be sentenced to death who was less than 18 years of age at the time of the offense." Thus, before you may consider whether or not to impose the death penalty, you must first unanimously determine beyond a reasonable doubt that the Defendant was eighteen years of age or older at the time of the offense.

If you unanimously make that finding, you should so indicate in Section I of the Special Verdict Form and continue your deliberations. If you do not unanimously make that finding, you should so indicate in Section I of the Special Verdict Form, and no further deliberations will be necessary.

The parties agree that the Defendant, Ronell Wilson, was born on May 6, 1982 and became eighteen years old on May 6, 2000, and that the capital offenses charged

in this case were committed on March 10, 2003.

### 6. Preliminary Intent Factors

Before you may consider the imposition of the death penalty, you must also unanimously find beyond a reasonable doubt that the Defendant intentionally killed James Nemorin and Rodney Andrews in one of the manners described below. If you unanimously make this finding as to the murders of James Nemorin and Rodney Andrews, you should so indicate on the Special Verdict Form and continue your deliberations. If you do not unanimously make this finding, you should so indicate on the appropriate page of the Special Verdict Form. No further deliberations will be necessary.

The Government alleges that the Defendant—

1. Intentionally killed the victims;

2. Intentionally inflicted serious bodily injury that resulted in the deaths of the victims;

3. Intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victims died as a direct result of the act; and

4. Intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victims died as a direct result of the act.

Intent and knowledge may be proven like anything else. When determining whether intent or knowledge has been proven, you may consider any statements and acts of the Defendant and any other facts and circumstances in evidence that may aid in your determination. You may, but are not required to, infer that a person intends the natural and probable consequences of acts knowingly done or omitted.

You may consider and find more than one preliminary intent factor with regard to a particular capital count, but your finding as to each must be unanimous and beyond a reasonable doubt.

Any finding that one or more of the preliminary intent factors have been proven unanimously and beyond a reasonable doubt must be based upon the Defendant's actions and intent. You may not rely solely upon your previous verdict of guilt or your factual determinations therein when determining whether any of the preliminary intent factors has been proven. Instead, you must now each decide this issue for yourselves again.

### 7. Introduction to Statutory Aggravating Factors

If, and only if, you unanimously find that at least one preliminary intent factor has been proven beyond a reasonable doubt, you must then proceed to consider whether any statutory aggravating factors exist.

The Government alleges two statutory aggravating factors. They are:

1. That the Defendant intentionally killed more than one person in a single criminal episode, and

2. That the Defendant committed the offenses for pecuniary gain.

I remind you that to find the existence of a statutory aggravating factor, your decision must be unanimous and beyond a reasonable doubt.

During your deliberations, you may consider and find more than one statutory aggravating factor with regard to a particular capital count, but your finding as to each must be unanimous and beyond a reasonable doubt. Any finding that a stat-

utory aggravating factor has been proven unanimously and beyond a reasonable doubt must be based upon the Defendant's actions and intent.

In deciding whether the evidence establishes the existence of a statutory aggravating factor beyond a reasonable doubt, you should consider all of the relevant evidence in this case. At this stage of your deliberations, you may consider only the two statutory aggravating factors cited by the Government, not the non-statutory aggravating factors that I will describe later in these instructions.

### 8. The First Statutory Aggravating Factor: Multiple Killings

The Government alleges, with respect to each capital count, that the Defendant killed more than one person in a single criminal episode. To establish the existence of this factor, the Government must prove that the Defendant intentionally killed or attempted to kill more than one person in a single criminal episode.

"Intentionally killing" a person means killing a person on purpose, that is, willfully, deliberately, or with a conscious desire to cause a person's death, rather than accidentally or involuntarily.

"More than one person" means one or more people in addition to the victim named in the count. For example, with respect to Count One, which alleges that the Defendant murdered James Nemorin, the Government must prove that the Defendant killed James Nemorin and some other person or persons during a single criminal episode.

"A single criminal episode" is an act or series of related criminal acts that occur within a relatively limited time and place, or are directed at the same persons, or are part of a continuous course of conduct related in time, place, or purpose.

A person of sound mind and discretion may be presumed to have intended the ordinary, natural, and probable consequences of his knowing and voluntary acts. However, this presumption is not required. Thus, you may infer from the Defendant's conduct that the Defendant intended to kill a person if you find (1) that the Defendant was a person of sound mind and discretion; (2) that person's death was an ordinary, natural, and probable consequence of the Defendant's acts (even if the person's death did not actually result, in the case of an attempt); and (3) that the Defendant committed these acts knowingly and voluntarily. But once again, you are not required to make such an inference.

### 9. The Second Statutory Aggravating Factor: Pecuniary Gain

The Government alleges, with respect to each capital count, that the Defendant committed the offense as consideration for the receipt of, or in the expectation of the receipt of, anything of pecuniary value.

To establish that the Defendant committed an offense as consideration for the receipt, or in the expectation of the receipt, of anything of "pecuniary value," the Government must prove that the Defendant committed the offense in consideration for and in the expectation of money, property, or anything else having some economic value, benefit, or advantage. The Government is not required to prove that something of pecuniary value actually changed hands.

The words "receipt or expectation of receipt" should be given their ordinary, everyday meaning, which includes obtaining or expecting to obtain something.

The term "offense," as used in this aggravating factor, refers to murder. In order for the Government to prove this factor, it must establish to your unanimous satisfaction, beyond a reasonable doubt, that Mr. Wilson killed the victim or victims referred to in a particular count with the

expectation of receiving something of pecuniary value. It is not sufficient for you to find that he committed only the attempted robbery—as opposed to the murders—with the expectation of receiving something of pecuniary value.

With respect to each capital count, if you do not unanimously find that the Government has proven beyond a reasonable doubt at least one statutory aggravating factor, your deliberations as to that count are concluded. Please mark your finding on the Special Verdict Form.

If, however, you do unanimously find that one or more of the statutory aggravating factors has been proven beyond a reasonable doubt, then you should record your findings on the Special Verdict Form and proceed to consider non-statutory aggravating factors.

**10. Non–Statutory Aggravating Factors**

If, and only if, you have unanimously found that the Government has proven the existence of one or more preliminary intent factors and the existence of one or more statutory aggravating factors beyond a reasonable doubt, you must then consider whether the Government has proven the existence of any non-statutory aggravating factors.

As with statutory aggravating factors, you must unanimously find that the Government has proven beyond a reasonable doubt the existence of a non-statutory aggravating factor before you may consider that factor in your deliberations as to the appropriate punishment for the Defendant in this case.

In addition to any statutory aggravating factors you have found, the law permits you to consider and discuss the non-statutory aggravating factors specifically claimed by the Government and listed below. You are not free to consider any other factors in aggravation which you conceive of on your own. This includes the

relative cost to taxpayers of executing Mr. Wilson rather than incarcerating him in prison pursuant to a sentence of life without the possibility of release.

During your deliberations you may consider and find more than one non-statutory factor with regard to a particular capital count, but your finding as to each must be unanimous and beyond a reasonable doubt. Any finding that one or more of the non-statutory aggravating factors have been proven unanimously and beyond a reasonable doubt must be based upon the Defendant's actions, knowledge, or intent.

The non-statutory aggravating factors alleged by the Government are:

1. *Status of the Victims:* The Defendant murdered two law enforcement officers during the course of their official duties.

2. *Contemporaneous Convictions:* The Defendant faces contemporaneous convictions for other serious acts of violence charged in the counts in the indictment of which you have convicted him.

3. *Future Dangerousness of the Defendant:* The Defendant represents a continuing danger to the lives and safety of other persons, that is, the Defendant is likely to commit criminal acts of violence in the future that would constitute a continuing and serious threat to the lives and safety of others, as evidenced by at least one or more of the following:

(a) *Continuing Pattern of Violence:* The Defendant has engaged in a continuing pattern of violence, attempted violence, and threatened violence, including the crimes charged in the indictment and other robberies, assaults, narcotics activity and weapons possession. The Defendant's alleged continuing pattern of violence includes his juvenile and adult criminal acts.

(b) *Lack of Remorse:* The Defendant has demonstrated a lack of remorse for the

capital offenses committed in this case, as indicated by Defendant's statements and actions during the course of and following the offenses charged in the Superseding Indictment.

(c) *Low Rehabilitative Potential:* The Defendant has demonstrated a low potential for rehabilitation as evidenced by his longstanding involvement in violent criminal activities leading up to the capital offenses charged in the Superseding Indictment.

(d) *Membership in a Criminal Street Gang:* The Defendant has demonstrated an allegiance to and active membership in the Stapleton Crew, an organization falling within the definition of criminal street gangs set forth in 18 U.S.C. § 521(a).

In considering whether this aggravating factor has been proven, you may consider the fact that if the Defendant is not sentenced to death, he will be sentenced to life imprisonment without the possibility of parole or other release.

4. *Victim Impact Evidence:* As reflected by the victims' personal characteristics as human beings and the impact of the offenses on the victims and the victims' families, the Defendant caused loss, injury, and harm to the victims and the victims' families, including, but not limited to, the following:

(a) *Characteristics of Victims:*

(i) The Defendant caused the death of James Nemorin, a 36–year–old Detective with the New York City Police Department, who enjoyed a strong relationship with his family.

(ii) The Defendant caused the death of Rodney J. Andrews, a 34–year–old Detective with the New York City Police Department, who enjoyed a strong relationship with his family.

(b) *Impact of the Offense on the Families of the Victims:* The victims' families have suffered severe and irreparable harm.

This concludes the list of the non-statutory aggravating factors alleged by the Government. You must record whether you unanimously find that the Government has proven beyond a reasonable doubt the existence of any of these non-statutory aggravating factors. Please enter that finding in Section IV of the Special Verdict Form.

In the event that you unanimously find, beyond a reasonable doubt, that a particular non-statutory aggravating factor applies to any of the capital counts in this case, you should indicate that finding on the Special Verdict Form. If you do not unanimously find that a non-statutory aggravating factor has been proven beyond a reasonable doubt with regard to any capital counts, you should indicate that finding on the Special Verdict Form.

Unlike the requirement regarding statutory aggravating factors, the jury is not required to find the existence of any non-statutory aggravating factors before proceeding to the weighing process. In other words, regardless of whether or not you unanimously find that any of the non-statutory aggravating factors were proven beyond a reasonable doubt, you are to continue your deliberations.

## 11. Introduction to Mitigating Factors

Before you may consider the appropriate punishment for any capital count for which you have unanimously found beyond a reasonable doubt at least one preliminary intent factor and at least one statutory aggravating factor, you must consider whether the Defendant has established the existence of any mitigating factors. A mitigating factor can be statutory or non-statutory. A mitigating factor is a factor that would suggest that a sentence of death is not justified.

Unlike aggravating factors, which you may consider only if you unanimously find them proven beyond a reasonable doubt, the law does not require unanimity with regard to mitigating factors. Any juror persuaded of the existence of a mitigating factor, whether statutory or non-statutory, must consider it in his or her final weighing of aggravating and mitigating factors.

It is the Defendant's burden to establish any mitigating factors, but he must do so by a "preponderance of the evidence," a lesser standard of proof than "beyond a reasonable doubt." A factor is established by a preponderance of the evidence if its existence is shown to be more likely so than not so. In other words, a preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, produces in your mind the belief that what is sought to be established is more likely true than not true.

## 12. Mitigating Factors Enumerated

The mitigating factors the Defendant asserts are:

1. Ronell Wilson was twenty years old on March 10, 2003.

2. If he is not sentenced to death, Ronell Wilson will be incarcerated for the rest of his life in prison without possibility of release or parole.

3. Ronell Wilson's parents were substance abusers which resulted in poor parenting, an unstable and chaotic living environment, and separation of his family.

4. During his early childhood Ronell Wilson was exposed to an unsafe and unsanitary home environment.

5. At age 21 months, Ronell Wilson contracted bacterial meningitis and, as a result, was hospitalized for over two weeks.

6. Ronell Wilson was exposed to drugs and violence as a child and adolescent.

7. Ronell Wilson grew up in poverty and deprivation.

8. During his childhood, Ronell Wilson was admitted to hospitals on at least four occasions for psychiatric care.

9. Throughout his childhood, Ronell Wilson was prescribed medication by mental health professionals.

10. Ronell Wilson has a history of depression.

11. Ronell Wilson performed well below grade level in school.

12. Ronell Wilson was placed in Special Education classes.

13. Ronell Wilson's poor performance in school was affected by negative influences in his home life.

14. Ronell Wilson's scores on standardized intelligence tests are below average.

15. Ronell Wilson has a loving relationship with his family members, who will suffer grief and loss if he is executed.

16. Ronell Wilson has adjusted well to federal prison.

17. Ronell Wilson takes responsibility for his actions.

18. Ronell Wilson has remorse for the murder of Detectives Andrews and Nemorin.

19. There are other factors in Ronell Wilson's background and other circumstances of his offenses that mitigate against the imposition of the death penalty.

I will now offer a few additional instructions regarding some of these mitigating factors.

You will recall that the Defendant read a statement to the jury on January 24, 2007. You are permitted to consider that statement in finding whether or not the Defendant has established the existence of mitigating factor 17, which states, "Ronell Wilson takes responsibility for his ac-

tions," and mitigating factor 18, which states, "Ronell Wilson has remorse for the murder of Detectives Andrews and Nemorin." When considering the Defendant's statement of January 24, 2007, you may take into account that the Defendant made the statement without being sworn in and without subjecting himself to cross-examination.

Mitigating factor 19, which derives from the statute, permits you to consider anything else about the commission of the crime or about the Defendant's background or character or any other relevant circumstance that would mitigate against the imposition of the death penalty. If any of you finds any such mitigating factors, even ones not specifically argued by the defense, to be established by a preponderance of the evidence, you are permitted by law to consider them in your deliberations.

Your discretion in considering mitigating factors is much broader than your discretion in considering aggravating factors. This was a choice expressly made by Congress in enacting the capital punishment statute at issue in this case.

You may find that more than one of these factors has been established. However, regardless of whether or not you find that any of the mitigating factors has been proven, you are to continue your deliberations. If there are any mitigating factors that are established by a preponderance of the evidence, any juror, either individually or with other jurors, must consider them during your deliberations. In Section V of the Special Verdict Form, you are asked to identify any mitigating factors that any one of you finds has been proven by a preponderance of the evidence.

### 13. Weighing Aggravating and Mitigating Factors

After you determine whether the Defendant proved the existence of any mitigat-

ing factors, you will engage in a weighing process. That means that each of you must weigh, in your own mind, any aggravating factor or factors that the jury unanimously finds to exist against any mitigating factors you individually find to exist. You shall then consider whether you are unanimously persuaded that the aggravating factor or factors proven sufficiently outweigh the mitigating factor or factors proven, or, in the absence of a mitigating factor, whether the aggravating factor or factors alone are sufficient, to justify a sentence of death. As I previously instructed you, no jury is ever required to impose the death penalty. Indeed, you may decline to impose the death penalty without giving a reason for that decision.

As to aggravating factors, both statutory and non-statutory, all jurors must consider the aggravating factors that the jury unanimously found to be proven beyond a reasonable doubt. No juror, however, may consider any aggravating factor, statutory or non-statutory, that the jury has not unanimously found to be proven beyond a reasonable doubt.

As to mitigating factors, each juror must consider the mitigating factors that the juror individually found to be proven by a preponderance of evidence, regardless of whether or not other jurors found those mitigating factors proven. No juror, however, may consider a mitigating factor that he or she did not find to be proven by a preponderance of the evidence.

Although I have previously instructed you that you must unanimously find that at least one of the preliminary intent factors was proven beyond a reasonable doubt for the Defendant to be eligible for a sentence of death, I instruct you now that you may not consider the preliminary intent factors when you weigh the aggravating and mitigating factors. Once again, you must weigh only the aggravating factor or fac-

tors that you unanimously find to exist beyond a reasonable doubt, whether statutory or non-statutory, and each of you must weigh any mitigating factors that you individually, or with others, found to exist. Even if you determine that no mitigating factors have been proven to exist, however, you must consider whether the aggravating factors that have been proven are themselves sufficient to justify imposing a sentence of death.

In engaging in the weighing process, you must avoid any influence of passion, prejudice, or undue sympathy. Your deliberations should be based upon the evidence you have seen and heard and the law on which I have instructed you. Passion, prejudice, and arbitrary considerations have no role to play in your efforts to reach a just result in this case. In carefully weighing the various factors at issue in this case, you are called upon to make a unique, individualized judgment about the appropriateness of imposing the death penalty on the Defendant for each count. Again, whether or not the circumstances in this case justify a sentence of death or life imprisonment without the possibility of release is a decision that the law leaves entirely to you.

The process of weighing aggravating and mitigating factors against each other in order to determine the proper punishment is not a mechanical process. In other words, you should not simply count the number of aggravating and mitigating factors and reach a decision based on which number is greater. Rather, you should consider the weight and value of each factor.

The law contemplates that different factors may be given different weights or values by different jurors. Thus, you may find that one mitigating factor outweighs all aggravating factors combined, or that the aggravating factors proven do not, standing alone, justify imposition of a sentence of death. Similarly, you may unanimously find that a particular aggravating factor sufficiently outweighs all mitigating factors combined to justify a sentence of death. Each juror must decide what weight or value is to be given to a particular aggravating or mitigating factor in the decision-making process.

### 14. Sentence of Death

If you unanimously determine, with respect to any capital count of which you have found the Defendant guilty, that the aggravating factor or factors found to exist sufficiently outweigh any mitigating factor or factors found to exist to justify a sentence of death, or, in the absence of a mitigating factor, that the aggravating factor or factors alone are sufficient to justify a sentence of death, you shall then record your determination that death is justified in Section VI of the Special Verdict Form.

### 15. Sentence of Life

If you unanimously determine, with respect to Counts One and Two, that the aggravating factor or factors found to exist do not sufficiently outweigh any mitigating factor or factors found to exist to justify a sentence of death, then you shall record your determination that the Defendant be sentenced to life imprisonment without possibility of release for those counts in Section VI of the Special Verdict Form.

If you unanimously determine, with respect to Counts Five, Seven, and Eight, that the aggravating factor or factors found to exist do not sufficiently outweigh any mitigating factor or factors found to exist to justify a sentence of death, then you shall record your determination that the Defendant be sentenced to life imprisonment without possibility of release, or to some other sentence authorized by law, for those counts in Section VI of the Special Verdict Form.

### 16. Consequences of Deliberation

At the end of your deliberations, if you unanimously determine as to Counts One and Two that the Defendant should be sentenced to death, or to life imprisonment without possibility of release, the Court is required to impose that sentence for those counts. As to Counts Five, Seven, and Eight, if you determine that the Defendant should not be sentenced to death, then the Court will impose a sentence of life imprisonment without possibility of release, or some other sentence authorized by law for those counts.

### 17. Duty to Deliberate

As stated in these instructions, it is your duty to consult with one another and to deliberate with a view to reaching agreement if you can do so without violence to your individual judgment. Of course, you must not surrender your honest convictions as to the weight or effect of the evidence solely because of the opinions of other jurors or for the mere purpose of returning a verdict. Each of you must decide the case for yourself, but you should do so only after consideration of the evidence with your fellow jurors.

In the course of your deliberations you should not hesitate to re-examine your own views or to change your opinion if you are convinced it is wrong. To bring twelve minds to a unanimous result you must examine the questions submitted to you openly and frankly, with proper regard for the opinions of others and with a willingness to re-examine your own views.

Remember that you are not partisans. Rather, you are judges—judges of the facts. Your sole interest is to seek the truth from the evidence. You are the judges of the credibility of the witnesses and the weight of the evidence.

You may conduct your deliberations as you choose. But I suggest that you carefully consider all the evidence bearing upon the questions before you. You may take all the time that you feel is necessary.

### 18. Justice Without Discrimination

In considering of whether a sentence of death is justified, you must not consider the race, color, religious beliefs, national origin, or sex of the Defendant or the victims. You are not to return a sentence of death unless you would return a sentence of death for the crime in question without regard to the race, color, religious beliefs, national origin, or sex of the Defendant or either victim.

To emphasize the importance of this consideration, Section VII of the Special Verdict Form contains a certification statement. Each of you should carefully read the statement and sign it if it accurately reflects the manner in which you reached your decision.

### 19. Special Verdict Form

I have prepared a "Special Verdict Form" to assist you during your deliberations. You are required to record your decisions on this form. In addition, you are each required to sign the Special Verdict Form. You will do so using your juror numbers rather than your names.

Section I of the Special Verdict Form contains space to record your findings regarding the Defendant's age. Section II of the Special Verdict Form contains space to record your findings regarding preliminary intent factors. Section III contains space to record your findings regarding statutory aggravating factors. Section IV contains space to record your findings regarding non-statutory aggravating factors. Section V contains space to record your findings regarding mitigating factors. Section VI contains space to record your decision regarding the sentence. Section VII of the Special Verdict Form contains space for you to certify that considerations

of race, color, religious belief, national origin, and sex played no role in your decision.

## 20. Concluding Instruction

I will be giving each of you a copy of these instructions to take with you to the jury room. If you should desire to communicate with me at any time during your deliberations, please write down your message or question and pass the note to the marshal, who will bring it to my attention. I shall respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally.

I caution you, however, with any message or question you might send, that you should not tell me any details of your deliberations or how many of you are voting in a particular way on any issue.

Let me remind you again that nothing that I have said in these instructions—and nothing that I have said or done during the trial—has been said or done to suggest to you what sentence should be imposed on the Defendant. Making that decision is your exclusive duty and responsibility.

You may now go to the jury room and begin your deliberations.